UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERNEST GREEN | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| THE HOME DEPOT, INC., KEVIN DUNCAN, MATT LAROCHE, ARTHUR LAWSON, JR. and the CITY OF GRETNA | MAGISTRATE |

## COMPLAINT

The petition of ERNEST GREEN respectfully represents the following:

1.

Petitioner ERNEST GREEN, a person of the full age of majority, resides and is domiciled in the Parish of Orleans, State of Louisiana. He brings this action pursuant to 28 U.S.C. §1391(b) as the transactional events constituting the alleged tortuous behavior arose and occurred within Jefferson Parish, Louisiana Parish, and in conformity with Fed.Rule.Civ.P. Art. 4(d); the cause is further grounded in 28 U.S.C. §1331 *et. seq.* and 1343 as this suit raises questions of federal civil rights law and is also brought pursuant to 42 U.S.C. §1983 *et seq.* and related provisions. Petitioner also seeks all relief afforded pursuant to La. C.C. Art. 2315.

2.

Made defendants herein are:

a) THE HOME DEPOT, INC., a foreign corporation doing business in Louisiana;

b) KEVIN DUNCAN, a person of the full age of majority who is alleged upon the basis of information and belief to be a resident of Jefferson Parish, Louisiana, who was at all times pertinent hereto an employee of defendant The Home Depot, Inc, at its store in

Gretna, Louisiana;

c) MATT LAROCHE, a person of the full age of majority who is alleged upon the basis of information and belief to be a resident of Jefferson Parish, Louisiana and who was at all times pertinent hereto an employee of the City of Gretna's Police Department;

d) ARTHUR LAWSON, JR., a person of the full age of majority and a resident of Jefferson Parish Louisiana, who was at all times pertinent hereto an employee of the City of Gretna serving in his capacity as Chief of Police, and is therefore sued herein in his representative capacity;

e) The CITY OF GRETNA is a Louisiana municipal entity within which the City of Gretna Police Department is a department.

3.

Plaintiff alleges that on May 31, 2012 he visited the Home Depot store in Gretna, Louisiana for the purpose of exchanging a wooden window blind. At the time, Mr. Green was a daily customer at the Home Depot store because of his job, so he was well known to several of the employees there. He exchanged the blind with the help of a Home Depot manager who tagged it with a blue exchange sticker to show that it had been paid for. Plaintiff was headed to his car with the blind when he was stopped and accused of shoplifting by Kevin Duncan, a home Depot employee.

4.

After plaintiff explained to Kevin Duncan that he had exchanged the blind in question, and suggested that Duncan accompany him back into the store to verify this with the manager who had conducted the exchange, Kevin Duncan called for Matt Laroche, a Gretna police officer who was working a security detail at the store. Matt Laroche demanded to see plaintiff's receipt,

and again plaintiff explained that the blind was an exchanged item, pointed to the blue sticker, and again suggested that they return to the store to speak to the manager who had handled the exchange. Laroche responded by threatening to use his taser on plaintiff, then Laroche and Duncan handcuffed plaintiff and paraded him through the Home Depot store to a room in the back which contained monitors and lockers. Even though they passed right by the manager who had handled the exchange, defendants refused to even stop to check with her to see if the blind had not been stolen.

5.

Once in the back room, defendants turned off the video monitors and physically attacked plaintiff, slamming him into the lockers while he was still handcuffed. Defendants then left the room to verify that plaintiff had not stolen anything. After some delay, Officer Laroche returned to the room, uncuffed plaintiff, and allowed him to leave the store   Plaintiff was treated at Touro Infirmary for the injuries inflicted by defendants.

6.

Petitioner brings this action for injuries and damages arising out of intentional and outrageous acts of law enforcement and institutional ratification of those acts. Petitioner seeks damages for mental, physical and emotional suffering, as well as special damages for medical expenses as a result of unconstitutional acts on the part of law enforcement and municipal officials and seeks redress of the tortuous acts and civil rights violations hereinafter pleaded, which were committed by any or all defendants, under any Louisiana statutory, decisional and constitutional remedies; as well as for any federal remedy - constitutional, statutory, or decisional.

7.

Petitioner contends the defendants are not entitled to any immunity as they operated in concert to purposefully deprive ERNEST GREEN of civil rights under the apparent authority of their official capacity. Petitioner further alleges that the City of Gretna, and the City of Gretna Police Department, through their police chief, acted outside of any enjoyed policy-making immunity as their policies and practices relative to this suit are not reasonably related to legitimate governmental objectives for which the policy-making or discretionary powers exist; and/or the governmental bodies' acts or omissions constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct that caused the assault and battery upon and false arrest of Petitioner Ernest Green and all damages claimed herein Furthermore, Petitioner asserts that the City of Gretna is liable for the tortuous acts of its employees while they act under the apparent authority of their positions.

8.

Petitioner specifically alleges that defendant the Gretna Police Department is liable to him for punitive damages because their express policies and widespread and well-settled practices operated with the force of law to deprive petitioner of his civil rights pursuant to the Supreme Court's holding in *Monell v. Dept. of Social Services of New York*, 436 U.S. 658 (1978) and its progeny and that the illegal and unconstitutional actions of defendants Matt Laroche and Kevin Duncan were ratified by the City of Gretna and the Gretna Police Department. Petitioner further alleges that defendants have acted and continue to act with the specific intent to deprive Petitioner of his civil rights and of the right to seek redress for the violation of those rights.

9.

Petitioner was damaged as a result of the defendants' unlawful actions and other

unconstitutional acts, including assault, battery, intentional infliction of emotional distress, false arrest, and other acts or omissions which will be shown more fully at the trial of this matter.

10.

Petitioner further avers that as a result of the unlawful conduct of Defendants herein, due solely to the negligence fault and//or intentional acts of any or all of the defendants, Petitioner has suffered mental and physical pain and suffering, emotional distress due to public humiliation, and medical expenses. Petitioner demands the sum of $100,000 as Compensation for General and Special Damages, and the sum of $500,000 in Punitive Damages.

11.

As a result of the conduct complained of herein, all of the defendants are liable unto Petitioner for the damages pleaded herein throughout as well as punitive and/or exemplary damages for their reckless and callous disregard of Petitioner and his civil rights and for their bad faith in dealing with Petitioner ERNEST GREEN. Petitioner is further entitled to an award of reasonable attorney's fees for all work performed in pursuing this action.

18.

Petitioner demands the right to a trial by Jury.

**WHEREFORE**, Petitioner prays that after due proceedings are had that there be trial by jury and there be judgment herein in favor of Petitioner and against Defendants, jointly, severally and in solido for all reasonable compensatory and special damages, including punitive or exemplary damages, and for all costs of these proceedings, as well as reasonable attorney's fees. Petitioners further pray for all orders and decrees necessary or proper in the premises which law, equity or the nature of the case may permit.

Respectfully submitted:
By Attorneys

*s/ Robert C. Jenkins*
ROBERT C. JENKINS & ASSOCIATES
ROBERT C. JENKINS, BAR #19256
631 St. Charles Avenue
New Orleans, LA 70130
(504) 568-1616 (phone)
(504) 569-0037 (fax)


*s/Betsy J. Barnes*
BARNES AND ROOT, LLC
BETSY J. BARNES, BAR # 19473 (T.A.)
RICHARD L. ROOT, BAR #19988
631 St. Charles Avenue
New Orleans, LA 70130
(504) 568-0077 (phone)
(504) 568-0909 (fax)